**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01507-REB-PAC

JEAN M. O'CONNOR,

     Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY, COLORADO, and
SCOTT DOYLE, individually and in his official capacity as Larimer County, Colorado
Clerk and Recorder.

     Defendants.

---

**ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

     The matter before me is **Defendants' Motion For Summary Judgment
Dismissing Plaintiff's First, Third and Fourth Claims** [#41], filed June 15, 2006.  I
grant the motion with respect to plaintiff's federal procedural due process claim, but
deny the remainder of the motion as moot in light of my decision to decline to exercise
supplemental jurisdiction as to plaintiff's pendant state law claims.

**I.  JURISDICTION**

     I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal
question).

**II.  STANDARD OF REVIEW**

     Summary judgment is proper when there is no genuine issue as to any material
fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

(1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome

of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of

a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d

1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  Once the motion has

been properly supported, the burden shifts to the nonmovant to show, by tendering

depositions, affidavits, and other competent evidence, that summary judgment is not

proper.  *Concrete Works*, 36 F.3d at 1518.  All the evidence must be viewed in the

light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel*

*Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326

(10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).  However, conclusory statements and

testimony based merely on conjecture or subjective belief are not competent summary

judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert.*

*denied*, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

This lawsuit centers on plaintiff's termination on September 24, 2004, from her

position as Clerk to the Board of County Commissioners of Larimer County.  At the time

of her termination, plaintiff was told that her position was being eliminated as part of a staff reduction mandated by budgetary constraints.  Plaintiff contends that, in fact, she was terminated for having objected to what she viewed as improper and illegal requests that she alter drafts of Board meeting minutes.  She has asserted a federal claim pursuant to 42 U.S.C. § 1983 for violation of her constitutional right to procedural due process.  She seeks review also of the County's termination decision under C.R.C.P. Rule 106(a)(4), and has alleged claims of wrongful discharge under Colorado state common law.

Plaintiff's federal claim rests on the contention that defendants violated her right to procedural due process by failing to afford her adequate pre-termination process.[1] Defendants do not dispute that plaintiff has a protected property interest in her job, which entitles her to some level of process prior to termination.  *See Garcia v. City of Albuquerque*, 232 F.3d 760, 769 (10th Cir. 2000) (citing *Glibert v. Homar*, 520 U.S. 924, 928-29, 117 S.Ct. 1807, 1811 , 138 L.Ed.2d 120 (1997)).  The only question, therefore, is whether defendants actually infringed that interest.

Where, as here, provision is made for a full post-termination hearing, due process requires only that, prior to termination, "[t]he tenured employee [be afforded] oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story."  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494

---

[1] Although plaintiff asserted also a substantive due process claim in her complaint, she has withdrawn that claim.  (*See* Plf. Response at 10.)  Her request to amend her complaint to allege a First Amendment retaliation claim is improper pursuant to the Local Rules of this District, *see* **D.C.COLO.LCivR** 7.1C ("A motion shall not be included in a response or a reply to the original motion."), and, therefore, is denied.

3

(1985); *see also Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 517 (10th Cir. 1998).  There is no question but that plaintiff was afforded these rights prior to her termination.  Plaintiff was notified of her termination in a face-to-face meeting with the Administrative Manager on September 24, 2004.  She was provided with written notice informing her of the reason for her termination and her rights in connection therewith, including the right to grieve the termination decision.  (Plf. Response App., Exh 3.) Plaintiff presents no evidence to  support her allegation that she was not given an opportunity to present her side of the story during that meeting.  Nothing more formal than this is required under *Loudermill* or the Tenth Circuit cases interpreting it.  *See, e.g.*, *West v. Grand County*, 967 F.2d 362, 367 (10th Cir. 1992); *Powell v. Mikulecky*, 891 F.2d 1454, 1459 (10th Cir. 1989); *Seibert v. State of Oklahoma ex rel. University of Oklahoma Health Sciences Center*, 867 F.2d 591, 598 (10th Cir. 1989), *abrogated on other grounds by Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1195 (10th Cir. 1999).  *See also Hulen v. Yates*, 322 F.3d 1229, 1248 (10th Cir. 2003).

Defendants, therefore, are entitled to summary judgment as to plaintiff's procedural due process claim.  This determination eliminates the only basis for federal jurisdiction pleaded in this case.[2]  When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims.  *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir.

---

[2] Plaintiff's allegations of federal jurisdiction are premised solely on federal question jurisdiction. (*See* Complaint at 2 [#1], filed August 8, 2005.)  Although the complaint states that plaintiff is a resident of North Carolina (*see id.* at 2, ¶ 1), there is no allegation or evidence to suggest that the amount in controversy necessary to support federal diversity jurisdiction is satisfied, *see* 28 U.S.C. § 1332.

2002).  I find it appropriate to do so here, and, thus, will dismiss plaintiff's pendant state law claims without prejudice.

THEREFORE, IT IS ORDERED as follows:

1.  That **Defendants' Motion For Summary Judgment Dismissing Plaintiff's First, Third and Fourth Claims** [#41], filed June 15, 2006, is **GRANTED IN PART** and **DENIED IN PART**:

a.  That the motion is **GRANTED** with respect to plaintiff's First Cause of Action, alleging violation of her constitutional right to procedural due process, and that claim is **DISMISSED WITH PREJUDICE**; and

b.  That defendants' motion for summary judgment is **DENIED AS MOOT** otherwise;

2.  That judgment **SHALL ENTER** on behalf of defendants, the Board of County Commissioners of the Larimer County, Colorado, and Scott Doyle, individually and in his official capacity as Larimer County, Colorado Clerk and Recorder, as to plaintiff's First Cause of Action, alleging violation of her constitutional right to procedural due process;

3.  That plaintiff's remaining pendant state law claims are **DISMISSED WITHOUT PREJUDICE**;

4.  That the Trial Preparation Conference set for Friday, March 9, 2007, at 9:30 a.m., as well as the trial scheduled to commence on Monday, April 9, 2007, are **VACATED**; and

5.  That defendants are **AWARDED** their costs, to be taxed by the Clerk of the

Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 15, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**